United States District Court
Southern District of Texas
**ENTERED**
March 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROBERTO J SALINAS, *et al.*,               §
                                           §
          Plaintiffs,                      §
                                           §
VS.                                        §          CIVIL ACTION NO. 2:25-CV-00045
                                           §
L WALLEK, *et al.*,                        §
                                           §
          Defendants.                      §

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

This matter, brought by Plaintiffs pro se, is pending initial screening. On December 23, 2025, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 27), recommending that this action be dismissed without prejudice for failure to comply with Court orders to file an amended pleading to provide a more definite statement of Plaintiffs' claims, which are currently insufficient under Federal Rule of Civil Procedure 8. Plaintiff Roberto Salinas timely filed objections (D.E. 28, 29) on December 29, 2025. He filed additional objections that are repetitive of the prior objections, combined with a motion for leave to amend his pleading (D.E. 32), on February 9, 2026, well after the deadline. All of the objections and the multiple requests for leave to amend are considered below.

**Due Process/Lack of Notice**. Plaintiff objects, claiming that he did not receive notice of the Magistrate Judge's prior orders requiring him to amend his pleading with specific instructions, characterizing this as a due process violation, and stating that any

default on his part was unintentional. D.E. 28, pp. 1-2; D.E. 29, pp. 1-3; D.E. 32, p. 1. However, the record reflects that Plaintiff did respond to the orders (and even referenced them and partially complied), but—as the Magistrate Judge observes—failed to fully comply with their material terms and failed to comply with additional opportunities to do so. *See* D.E. 11, 15, 16, 23. Plaintiff's objection regarding notice and due process is refuted by the record and it is **OVERRULED**.

**Mistake**. Plaintiff objects that his failures constitute mistake, inadvertence, surprise, or excusable neglect, entitling him to relief under Federal Rule of Civil Procedure 60(b). D.E. 28, p. 3. This is another way of arguing that he lacked notice, rejected above. To the extent that it invokes Rule 60(b), it is procedurally improper. That rule is for post-judgment relief and no judgment has yet been entered in this case. Plaintiff's repeated failure to follow clear directions is not consistent with his claim of mistake and he offers no independent reason other than the disingenuous claim of lack of notice. The objection based on mistake is **OVERRULED**.

**Pro Se Liberal Construction**. Plaintiff complains that he is entitled to liberal construction of his pleadings and he claims that they are accurate. D.E. 29, p. 4. To the extent that he can benefit from liberal construction, the rule has already been applied. The defects identified by the Magistrate Judge are fundamental. Plaintiff has failed to include basic information required in order to determine what his claims are so that they can be evaluated in initial screening. This objection seeks to undermine the requirements of Rule 8, without supplying any basis for his interpretation of the rule. The liberal construction he

claims must be applied where the plaintiff supplies the basics, from which inferences can be made. Liberal construction cannot supply those basics for him. The objection seeking liberal construction of his pleading is **OVERRULED**.

**Brain Injury**. Plaintiff objects that "at a prior juncture in this case, his ability to respond was severely hampered by a severe brain injury he suffered." D.E. 29, p. 2. He offers no more detail regarding when this alleged injury occurred, what "juncture" of time was affected, or why he continues to fail to comply with the Court's orders, now that the "prior juncture" has passed. The objection based on a claimed injury is **OVERRULED**.

**Inappropriate Sanction**. Plaintiff complains that dismissal is an inappropriate sanction because his failures have not been intentional. D.E. 29, pp. 2-3. Yet he acknowledges that a pattern of delay can justify dismissal. Again, the Court has already rejected his argument that his failures were due to lack of notice or mistake. And his concern regarding dismissal constituting prejudice because of limitations was addressed by the Magistrate Judge, noting that dismissal at this point is prior to the expiration of limitations on his claims. The objection that dismissal is an inappropriate sanction is **OVERRULED**.

**Complaints Regarding Counsel**. His contention that opposing counsel in other matters has been engaging in ex parte conduct has no apparent relevance to this case or the matter now before the Court. *See* D.E. 28, pp. 2-3. No defendant has been served in this case and there is no appearance by any opposing counsel. The objection is **OVERRULED**.

3 / 4

**Leave to Amend**. Plaintiff repeatedly seeks another opportunity to amend his complaint. D.E. 28, p. 4; D.E. 29, p. 5; D.E. 32, p. 2. Despite requests spanning months, Plaintiff has failed to submit any document purporting to be a compliant second amended complaint to show that he can and has cured the defects. Instead, he repeatedly asks for another period of time, such as thirty days, in which to file the pleading. Plaintiff has had abundant opportunities to amend his complaint. There is no good reason for further delay. And a motion for leave to amend that does not attach or describe the allegations to be amended is a nullity. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc*., 336 F.3d 375, 387 (5th Cir. 2003). The objection seeking leave to amend is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's motion for leave to amend (D.E. 32) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.

**ORDERED** on March 6, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE